XAVIER BECERRA, State Bar No. 118517
Attorney General of California
STEPAN A. HAYTAYAN, State Bar No. 205457
Supervising Deputy Attorney General
JONATHAN M. EISENBERG, State Bar No. 184162
Deputy Attorney General
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 269-6246
Fax: (916) 731-2124
E-mail: Jonathan.Eisenberg@doj.ca.gov
*Attorneys for Defendants California Occupational Safety and Health Standards Board, together with Board Members David Thomas, Chris Laszcz-Davis, Laura Stock, Barbara Burgel, David Harrison, and Nola J. Kennedy, in their official capacities; and California Governor's Office of Emergency Services, together with OES Director Mark Ghilarducci, in his official capacity*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO COURTHOUSE

| | |
|---|---|
| **WESTERN STATES PETROLEUM ASSOCIATION, A CALIFORNIA NOT-FOR-PROFIT CORPORATION,**<br><br>Plaintiff,<br><br>v.<br><br>**CALIFORNIA OCCUPATIONAL SAFETY AND HEALTH STANDARDS BOARD, TOGETHER WITH BOARD MEMBERS DAVID THOMAS, CHRIS LASZCZ-DAVIS, LAURA STOCK, BARBARA BURGEL, DAVID HARRISON, AND NOLA J. KENNEDY, IN THEIR OFFICIAL CAPACITIES, AND CALIFORNIA GOVERNOR'S OFFICE OF EMERGENCY SERVICES, TOGETHER WITH OES DIRECTOR MARK GHILARDUCCI, IN HIS OFFICIAL CAPACITY,**<br><br>Defendants. | Case No. 2:19-cv-01270<br><br>**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Defendants California Occupational Safety and Health Standards Board (the "Board"), as

well as Board Members David Thomas, Chris Laszcz-Davis, Laura Stock, Barbara Burgel, David Harrison, Nola J. Kennedy, sued in their official capacities, and the California Governor's Office of Emergency Services ("OES"), as well as OES Director Mark Ghilarducci, sued in his official capacity, answer as follows the July 9, 2019, complaint for declaratory and injunctive relief (the "Complaint") that Plaintiff Western States Petroleum Association ("WSPA") has filed in this action.[1]

## PRELIMINARY STATEMENT

1. In response to the Complaint's enumerated paragraph 1, Defendants admit that "WSPA seeks a court order declaring invalid and enjoining the enforcement of certain California state regulations." The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

2. Enumerated paragraph 2 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

3. Enumerated paragraph 3 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

4. In response to the Complaint's enumerated paragraph 4, Defendants admit that "[t]he California Process Safety Management ('CalPSM') Regulations and California Accidental Release Program ('CalARP') Regulations" exist and speak for themselves. The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain

[1] The Complaint gives the wrong full name for the Board. The Complaint puts the word "Health" before the word "Safety" in the Board's name. In fact, the word "Health" comes <u>after</u> the word "Safety" in the Board's name.

other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

5. In response to the Complaint's enumerated paragraph 5, Defendants admit that some petroleum refiners and their unionized employees have collective bargaining agreements, which speak for themselves, and that the CalPSM Regulations and the CalARP Regulations exist and speak for themselves. The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

6. In response to the Complaint's enumerated paragraph 6, Defendants admit that the CalPSM Regulations and the CalARP Regulations exist and speak for themselves. The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

7. Enumerated paragraph 7 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

8. Enumerated paragraph 8 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

**THE PARTIES**

9. In response to the Complaint's enumerated paragraph 9, Defendants admit that WSPA is an entity with principal offices in Sacramento, California. For lack of information and belief, Defendants deny every other allegation in the paragraph.

10. In response to the Complaint's enumerated paragraph 10, for lack of information and belief, Defendants deny that "WSPA and its members have an interest in ensuring that state regulations do not interfere with" the National Labor Relations Act (the "NLRA"). The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

11. In response to the Complaint's enumerated paragraph 11, Defendants admit that David Thomas, Chris Laszcz-Davis, Laura Stock, Barbara Burgel, David Harrison, and Nola J. Kennedy are members of the Board, and that the Board is a named defendant in this case. Defendants further admit that the California Governor appoints the members of the Board, and that the Board has certain functions. Defendants further admit that the Board promulgated the CalPSM Regulations. Defendants further admit that the Board has its principal offices at 2520 Venture Oaks Way in Sacramento, California. Defendants deny every other allegation in the paragraph.

12. In response to the Complaint's enumerated paragraph 12, Defendants admit that Mark Ghilarducci is Director of OES, and that OES is a named defendant in this case. Defendants further admit that OES has certain functions. Defendants further admit that OES promulgated the CalARP Regulations. Defendants further admit that OES has its principal offices at 3650 Schriever Avenue in Mather, California. Defendants deny every other allegation in the paragraph.

**JURISDICTION AND VENUE**

13. Defendants admit that this Court has subject-matter jurisdiction over this case. Defendants deny every other allegation in the paragraph.

14. Defendants admit that this Court is a proper venue for this case. Defendants deny every other allegation in the paragraph.

15. In response to enumerated paragraph 15, for lack of information and belief, Defendants deny that "the interests that WSPA seeks to protect by way of this lawsuit are

germane to the organization's purpose," and that "WSPA is dedicated to addressing the wide range of public policy issues that affect the petroleum industry, including" the CalPSM Regulations and the CalARP Regulations. The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

## THE FACTS

### A. Background

16. In response to enumerated paragraph 16, Defendants admit that the U.S. Environmental Protection Agency (the "EPA") and the (federal) Occupational Safety and Health Administration ("OSHA") exist and have certain functions. Defendants further admit that the EPA developed a plan known as the Risk Management Plan, which speaks for itself, and that OSHA developed a plan known as Process Safety Management, which speaks for itself. The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

17. In response to enumerated paragraph 17, Defendants admit that, on or around February 24, 1992, OSHA published a final rule for process safety management of highly hazard chemicals, which rule speaks for itself. The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

18. In response to enumerated paragraph 18, Defendants admit that, in or around February 1996, the EPA published a final rule for accident prevention per the Risk Management Plan, which rule speaks for itself. The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To

the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

19. In response to paragraph 19, Defendants admit that, in or around 1986, the California Legislature enacted California Health and Safety Code sections 25531 et seq., which speak for themselves. Defendants further admit that, in or around 1997, OES promulgated the initial CalARP Regulations. The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

20. In response to enumerated paragraph 20, Defendants admit that, in or around 1990, the California Legislature enacted California Labor Code section 7855 et seq., which speak for themselves. The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

21. In response to enumerated paragraph 21, Defendants admit that, in or around 1992, the Board enacted certain CalPSM Regulations, which speak for themselves. The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

22. In response to enumerated paragraph 22, Defendants admit that, in or around 2013, the California Governor's Interagency Working Group on Refinery Safety (the "Working Group") issued a report titled "Improving Public and Worker Safety at Oil Refineries," which speaks for itself. Defendants further admit that an Interagency Refinery Task Force was established and had certain functions. The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be

required. To the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

23. In response to enumerated paragraph 23, Defendants admit that, in or around 2013, the California Legislature enacted California Labor Code section 7856, which speaks for itself. The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

24. In response to enumerated paragraph 24, Defendants admit that, in or around July 2017, the Board enacted certain CalPSM Regulations, which speak for themselves. The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

25. In response to enumerated paragraph 25, Defendants admit that, in or around 2017, OES enacted certain CalARP Regulations, which speak for themselves. The paragraph does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

26. In response to enumerated paragraph 26, Defendants admit that the Board and OES attempted to harmonize the CalPSM Regulations and the CalARP Regulations, to the extent possible. The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

**B. The CalARP and CalPSM Regulations**

27. In response to enumerated paragraph 27, Defendants admit that, on or around July 15, 2016, the Board issued a notice of proposed rulemaking and an initial statement of reasons for

the CalPSM Regulations, which had a public comment period of on or around July 15, 2016, through September 15, 2016, and a public hearing on or around September 15, 2016. Defendants further admit that there were public comments about the CalPSM Regulations made during the public comment period. Defendants further admit that, on or around February 10, 2017, the Board issued a notice of proposed modifications of the CalPSM Regulations, which had a public comment period of on or around February 10, 2017, through March 3, 2017. Defendants further admit that, thereafter, the Board issued a final statement of reasons for the CalPSM Regulations. Defendants further admit that, on or around July 27, 2017, the California Office of Administrative Law approved the CalPSM Regulations, which were filed with the California Secretary of State. Defendants further admit that the CalPSM Regulations became effective on October 1, 2017. The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

28. In response to enumerated paragraph 28, Defendants admit that, on or around July 15, 2016, OES issued a notice of proposed rulemaking and an initial statement of reasons for the CalARP Regulations, which had a public comment period of on or around July 15, 2016, through September 15, 2016, and a public hearing on or around August 31, 2016. Defendants further admit that there were public comments about the CalARP Regulations made during the public comment period. Defendants further admit that, on or around February 14, 2017, OES issued a notice of proposed modifications of the CalARP Regulations, which had a public comment period of February 14, 2017, through March 3, 2017. Defendants further admit that, thereafter, OES issued a final statement of reasons for the CalARP Regulations. Defendants further admit that, on or around August 18, 2017, the California Office of Administrative Law approved the CalARP Regulations, which were filed with the California Secretary of State. Defendants further admit that the CalARP Regulations became effective on October 1, 2017. The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain other

allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

29. Enumerated paragraph 29 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

30. In response to enumerated paragraph 30, Defendants admit that the Board has made public statements about the "employee representative" element of the CalPSM Regulations, which statements speak for themselves. Defendants further admit that OES has made public statements about the "employee representative" element of the CalARP Regulations, which statements speak for themselves. The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

31. Enumerated paragraph 31 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

32. Enumerated paragraph 32 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

33. Enumerated paragraph 33 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

34. Enumerated paragraph 34 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the

extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

35. Enumerated paragraph 35 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

36. Enumerated paragraph 36 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

37. In response to enumerated paragraph 37, Defendants admit that oil refineries that are covered by and violate the CalPSM Regulations or the CalARP regulations face penalties. The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

**C. Conflict with the NLRA**

38. Enumerated paragraph 36 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

39. In response to enumerated paragraph 39, Defendants admit that, in or around 1935, the U.S. Congress enacted the NLRA, which speaks for itself. The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

40. Enumerated paragraph 40 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

41. Enumerated paragraph 41 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

42. Enumerated paragraph 42 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

43. Enumerated paragraph 43 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

44. In response to enumerated paragraph 44, Defendants admit that, in general, employees of a company may designate representatives for the purpose of discussing and working with company management on improving workplace safety and safety processes. The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

**D. Injury from the Regulations**

45. In response to enumerated paragraph 45, Defendants admit that the CalPSM Regulations or the CalARP regulations cover all WSPA members operating petroleum refineries in California. Defendants further admit that that covered oil refineries that violate the CalPSM Regulations or the CalARP regulations face penalties. The paragraph contains assertions of law

or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

46. In response to enumerated paragraph 46, Defendants admit that one WSPA member operating a petroleum refinery in California has been issued a citation for failure to comply with the CalPSM Regulations or the CalARP regulations. The paragraph contains assertions of law or conclusions of law, but does not contain any other allegations for which a responsive pleading would be required. To the extent that the paragraph does contain other allegations for which a responsive pleading would be required, Defendants denies every other allegation in the paragraph.

47. Enumerated paragraph 47 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

**COUNT I – VIOLATION OF SUPREMACY CLAUSE (PREEMPTION)**

48. Enumerated paragraph 48 repeats and realleges prior paragraphs and does not contain any allegations for which a responsive pleading would be required. Defendants likewise repeat and reallege the prior paragraphs herein. To the extent that the enumerated paragraph contains allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

49. Enumerated paragraph 49 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

50. Enumerated paragraph 50 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the

extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

51. Enumerated paragraph 51 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

52. Enumerated paragraph 52 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

**COUNT II – 42 U.S.C. § 1983**

53. Enumerated paragraph 53 repeats and realleges prior paragraphs and does not contain any allegations for which a responsive pleading would be required. Defendants likewise repeat and reallege the prior paragraphs herein. To the extent that the enumerated paragraph contains allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

54. Enumerated paragraph 54 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

55. Enumerated paragraph 55 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

56. Enumerated paragraph 56 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

57. Enumerated paragraph 57 contains assertions of law or conclusions of law, but does not contain any allegations for which a responsive pleading would be required. To the extent that the paragraph does contain allegations for which a responsive pleading would be required, Defendants deny every allegation in the paragraph.

**SEPARATE AND ADDITIONAL DEFENSES**

**First Separate and Additional Defense**

A. The pleading is fatally uncertain, particularly regarding which regulations are being challenged.

**Second Separate and Additional Defense**

B. WSPA failed to exhaust administrative remedies prior to initiating this lawsuit.

**Third Separate and Additional Defense**

C. WSPA lacks standing, on its own behalf or in a representative capacity, to maintain this lawsuit.

**Fourth Separate and Additional Defense**

D. WSPA has misjoined a party to this lawsuit.

**Fifth Separate and Additional Defense**

E. WSPA seeks an advisory opinion on an abstract, hypothetical, or moot issue.

**Sixth Separate and Additional Defense**

F. The lawsuit is barred by the doctrine of laches.

**Seventh Separate and Additional Defense**

G. WSPA has (or had) an adequate remedy at law, making this lawsuit unnecessary.

**Eighth Separate and Additional Defense**

H. WSPA has failed to state a claim for which relief can validly be granted.

**PRAYER FOR RELIEF**

Defendants pray that in this action this Court:

i. Declines to issue declaratory judgment that the CalPSM Regulations or the CalARP Regulations are invalid or unenforceable;

ii. Declines to issue a permanent injunction against enforcement of the CalPSM

Regulations or the CalARP Regulations;

iii. Declines to issue any relief of any kind in favor of WSPA in this action;

iv. Orders that WSPA shall take nothing by its Complaint.

v. Enters final judgment in favor of Defendants, and against WSPA, in this action.

vi. Dismisses this case with prejudice.

vii. Grants such other and further relief that the Court deems just and proper.

Dated: August 30, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
STEPAN A. HAYTAYAN
Supervising Deputy Attorney General

*/s/ Jonathan M. Eisenberg*

JONATHAN M. EISENBERG
Deputy Attorney General
*Attorneys for Defendants California Occupational Safety and Health Standards Board, together with Board Members David Thomas, Chris Laszcz-Davis, Laura Stock, Barbara Burgel, David Harrison, and Nola J. Kennedy, in their official capacities; and California Governor's Office of Emergency Services, together with OES Director Mark Ghilarducci, in his official capacity*