DAVID R. JURY [*pro hac vice* application pending]
djury@usw.org
KATHARINE SHAW [*pro hac vice* application pending]
kshaw@usw.org
**UNITED STEELWORKERS**
60 Boulevard of the Allies, Room 807
Pittsburgh, Pennsylvania 15222
Tel:       (412) 562-2545
Fax:      (412) 562-2574

JAY SMITH (SBN 166105)
js@gslaw.org
RYAN M. SPILLERS (SBN 240335)
rspillers@gslaw.org
MICHAEL D. WEINER (SBN 240155)
mweiner@gslaw.org
**GILBERT & SACKMAN**
**A LAW CORPORATION**
3699 Wilshire Boulevard, Suite 1200
Los Angeles, California 90010-2732
Tel:       (323) 938-3000
Fax:      (323) 937-9139

*Attorneys for Proposed Intervenor USW*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN STATES PETROLEUM ASSOCIATION, a California not-for-profit corporation,<br><br>                   Plaintiff,<br><br>  vs.<br><br>THE CALIFORNIA OCCUPATIONAL HEALTH AND SAFETY STANDARDS BOARD, together with its members, DAVID THOMAS, CHRIS LASZCZ-DAVIS, LAURA STOCK, BARBARA BURGEL, DAVID HARRISON, and NOLA J. KENNEDY, in their official capacities, and THE CALIFORNIA GOVERNOR'S OFFICE OF EMERGENCY SERVICES, together with its Director, MARK GHILARDUCCI, in his official capacity,<br><br>                   Defendants. | Case No. 2:19-cv-01270-JAM-DB<br><br>**PROPOSED INTERVENOR USW'S [PROPOSED] ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Proposed Intervenor United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC ("USW") hereby answers the Complaint of Plaintiff Western States Petroleum Association ("Plaintiff") for declaratory and injunctive relief as follows:

# FIRST DEFENSE

# PRELIMINARY STATEMENT

1. USW denies paragraph 1 of the Complaint except to admit that Plaintiff seeks a court order declaring invalid and enjoining the enforcement of certain California state regulations. Portions of paragraph 1 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, USW denies those portions of paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 3 of the Complaint.

4. USW denies paragraph 4 of the Complaint except to admit that Defendant California Occupational Safety and Health Standards Board promulgated regulations in 2017 concerning process safety management and Defendant Governor's Office of Emergency Services promulgated regulations in 2017 concerning accidental release program. Portions of paragraph 4 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, USW denies those portions of paragraph 4 of the Complaint.

5. USW denies paragraph 5 of the Complaint except to admit that there are collective bargaining agreements between some unions and some petroleum refiners. Portions of paragraph 5 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, USW denies those portions of paragraph 5 of the Complaint.

6. USW denies paragraph 6 of the Complaint except to admit that 8 Cal. Code Regs. § 5189.1(c) defines "Employee Representative" as follows: "A union representative, where a union exists,

or an employee-designated representative in the absence of a union that is on-site and qualified for the task. The term is to be construed broadly, and may include the local union, the international union, or a refinery or contract employee designated by these parties, such as the safety and health committee representative at the site." Portions of paragraph 6 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, USW denies those portions of paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 7 of the Complaint.

8. USW denies paragraph 8 of the Complaint except to admit that Plaintiff's members will face liability if they do not comply with the CalPSM and CalARP regulations. Portions of paragraph 8 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, USW denies those portions of paragraph 8 of the Complaint.

9. USW denies paragraph 9 of the Complaint because it lacks knowledge or information sufficient to form a belief as to the truth of the averments contained therein, except to admit that Plaintiff is a trade association of companies that own and operate facilities in the petroleum industry.

10. Paragraph 10 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 10 of the Complaint.

11. USW denies paragraph 11 of the Complaint except to admit that Defendants David Thomas, Chris Laszcz-Davis, Laura Stock, Barbara Burgel, David Harrison, and Nola J. Kennedy are members of the California Occupational Safety and Health Standards Board ("Board"), that the Board is a Defendant in this action, that the Governor appoints members of the Board, that the Board has certain functions, and that the Board promulgated the CalPSM regulations. USW lacks knowledge or information sufficient to form a belief as to the location of the Board's principal offices and therefore denies such averment on that basis.

12. USW denies paragraph 12 of the Complaint except to admit that Mark Ghilarducci is Director of the California Governor's Office of Emergency Services ("OES"), that OES is a Defendant in this action, that OES has certain functions, and that OES promulgated the CalARP regulations. USW

lacks knowledge or information sufficient to form a belief as to the location of OES's principal offices and therefore denies such averment on that basis.

## JURISDICTION AND VENUE

13. USW denies paragraph 13 of the Complaint except to admit that this Court has subject matter jurisdiction over this action.

14. USW denies paragraph 14 of the Complaint because it lacks knowledge or information sufficient to form a belief as to the truth of the averments contained therein.

15. USW denies paragraph 15 of the Complaint, including the footnote to paragraph 15 of the Complaint. Portions of paragraph 15 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, USW denies those portions of paragraph 15 of the Complaint.

## THE FACTS

### A. Background

16. USW denies paragraph 16 of the Complaint except to admit that the U.S. Environmental Protection Agency ("EPA") and the federal Occupational Safety and Health Administration ("OSHA") exist and have certain functions, that the EPA developed a plan known as the Risk Management Plan, and that OSHA developed a plan known as Process Safety Management. Portions of paragraph 16 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, USW denies those portions of paragraph 16 of the Complaint.

17. USW denies paragraph 17 of the Complaint except to admit that, on or around February 24, 1992, OSHA published a final rule for process safety management of highly hazardous chemicals. Portions of paragraph 17 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, USW denies those portions of paragraph 17 of the Complaint.

18. USW denies paragraph 18 of the Complaint except to admit that, in or around February 1996, the EPA published a final rule for accident prevention per the Risk Management Plan. Portions of paragraph 18 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, USW denies those portions of paragraph 18 of the Complaint.

19. USW denies paragraph 19 of the Complaint except to admit that, in or around 1986, the California Legislature enacted California Health and Safety Code section 25531, *et seq.*, and that, in or around 1997, OES promulgated the initial CalARP regulations. Portions of paragraph 19 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, USW denies those portions of paragraph 19 of the Complaint.

20. USW denies paragraph 20 of the Complaint except to admit that, in or around 1990, the California Legislature enacted California Labor Code section 7855, *et seq.* Portions of paragraph 20 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, USW denies those portions of paragraph 20 of the Complaint.

21. USW denies paragraph 21 of the Complaint except to admit that, in or around 1992, the Board adopted certain CalPSM regulations. Portions of paragraph 21 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, USW denies those portions of paragraph 21 of the Complaint.

22. USW denies paragraph 22 of the Complaint except to admit that the Governor's Interagency Working Group on Refinery Safety ("Working Group") issued a draft report in 2013 and a final report in 2014 and that an Interagency Refinery Task Force was established and had certain functions.

23. USW denies paragraph 23 of the Complaint except to admit that in 2013 the California Legislature passed legislation amending California Labor Code § 7856, whose first sentence states: "By March 31, 2014, the board shall adopt process safety management standards for refineries, chemical plants, and other manufacturing facilities, as specified in Codes 28 (Chemical and Allied Products) and 29 (Petroleum Refining and Related Industries) of the Manual of Standard Industrial Classification Codes, published by the United States Office of Management and Budget, 1987 Edition, that handle regulated substances as defined in subdivision (j) of Section 25532 of the Health and Safety Code and pose a significant likelihood of accident risk, as determined by the board."

24. USW denies paragraph 24 of the Complaint except to admit that, in or around July 2017, the Board promulgated certain CalPSM regulations, and that 8 Cal. Code Regs. § 336 sets forth the

manner in which "[c]ivil penalties for Regulatory, General, Serious, Repeat, Willful, and Failure to Abate violations" are assessed.

25.   USW denies paragraph 25 of the Complaint except to admit that in 2017, OES promulgated certain CalARP regulations, and that California Health and Safety Code § 25540 sets forth penalties for violations of Article 2 of Chapter 6.95 of Division 20 of the California Health and Safety Code.

### B.   The CalARP and CalPSM Regulations

26.   USW denies paragraph 26 of the Complaint except to admit that the CalARP and CalPSM regulations have certain similarities.

27.   USW denies paragraph 27 of the Complaint except to admit that, on or around July 15, 2016, the Board issued a notice of proposed rulemaking and an initial statement of reasons for the CalPSM regulations, which had a public comment period of on or around July 15, 2016 through September 15, 2016, and a public hearing on or around September 15, 2016, that there were public comments about the CalPSM regulations made during the public comment period, that on or around February 10, 2017, the Board issued a notice of proposed modifications of the CalPSM regulations, which had a public comment period of on or around February 10, 2017 through March 3, 2017, that thereafter the Board issued a final statement of reasons for the CalPSM regulations, that on or around July 27, 2017, the California Office of Administrative Law approved the CalPSM regulations, that the CalPSM regulations were then filed with the California Secretary of State, and that the CalPSM regulations became effective on October 1, 2017.

28.   USW denies paragraph 28 of the Complaint except to admit that, on or around July 15, 2016, OES issued a notice of proposed rulemaking and an initial statement of reasons for the CalARP regulations, which had a public comment period of on or around July 15, 2016 through September 15, 2016, and a public hearing on or around August 31, 2016, that there were public comments about the CalARP regulations made during the public comment period, that on or around February 14, 2017, OES issued a notice of proposed modifications of the CalARP regulations, which had a public comment period of on or around February 14, 2017 through March 3, 2017, that thereafter OES issued a final statement of reasons for the CalARP regulations, that on or around August 18, 2017, the California

1 Office of Administrative Law approved the CalARP regulations, that the CalARP regulations were then filed with the California Secretary of State, and that the CalARP regulations became effective on October 1, 2017.

29. USW denies paragraph 29 of the Complaint except to admit that 8 Cal. Code Regs. § 5189.1(c) and 19 Cal. Code Regs. § 2735.3(t) define "Employee Representative" as follows: "A union representative, where a union exists, or an employee-designated representative in the absence of a union that is on-site and qualified for the task. The term is to be construed broadly, and may include the local union, the international union, or a refinery or contract employee designated by these parties, such as the safety and health committee representative at the site." Portions of paragraph 29 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, USW denies those portions of paragraph 29 of the Complaint.

30. USW denies paragraph 30 of the Complaint except to admit that the final statement of reasons for the CalPSM regulations states, in part: "Employees are entitled to select representatives of their choosing where a union exists. In the absence of a union, employee-designated representatives must be onsite and qualified for the task." Portions of paragraph 30 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, USW denies those portions of paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 36 of the Complaint.

37. USW denies paragraph 37 of the Complaint except to admit that oil refineries that are covered by and violate the CalPSM or the CalARP regulations face penalties.

### C.     Conflict with the NLRA

38. Paragraph 38 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 38 of the Complaint.

39. USW denies paragraph 39 of the Complaint except to admit that Congress first enacted the National Labor Relations Act ("NLRA") in 1935. Portions of paragraph 39 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, USW denies those portions of paragraph 39 of the Complaint.

40. USW denies paragraph 40 of the Complaint except to admit that Section 7 of the NLRA states in part: "Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection" (29 U.S.C. § 157), that Section 9(a) of the NLRA states in part: "Representatives designated or selected for the purposes of collective bargaining by the majority of the employees in a unit appropriate for such purposes, shall be the exclusive representative of all the employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment" (29 U.S.C. § 159(a)), and that Section 8(d) of the NLRA states in part: "For the purposes of this section, to bargain collectively is the performance of the mutual obligation of the employer and the representative of the employees to meet at reasonable times and confer in good faith with respect to wages, hours, and other terms and conditions of employment, or the negotiation of an agreement or any question arising thereunder, and the execution of a written contract incorporating any agreement reached if requested by either party, but such obligation does not compel either party to agree to a proposal or require the making of a concession[.]" 29 U.S.C. § 158(d).

41. Paragraph 41 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 44 of the Complaint.

### D. Injury from the Regulations

45. USW denies paragraph 45 of the Complaint except to admit that a WSPA member operating a petroleum refinery in California must comply with the CalPSM and CalARP regulations and that failure to comply with the regulations could subject a refinery operator to penalties. Portions of paragraph 45 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, USW denies those portions of paragraph 45 of the Complaint.

46. USW denies paragraph 46 of the Complaint because it lacks knowledge or information sufficient to form a belief as to the truth of the averments contained therein. Portions of paragraph 46 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, USW denies those portions of paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 47 of the Complaint.

### COUNT I

### Violation of the Supremacy Clause (Preemption)

48. Paragraph 48 of the Complaint repeats and realleges prior paragraphs and therefore no response is required. To the extent any response is required, USW denies paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 52 of the Complaint.

## COUNT II

## 42 U.S.C. § 1983

53. Paragraph 53 of the Complaint repeats and realleges prior paragraphs and therefore no response is required. To the extent any response is required, USW denies paragraph 53 of the Complaint.

54. USW denies paragraph 54 of the Complaint except to admit that 42 U.S.C. § 1983 states in part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]"

55. Paragraph 55 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint constitutes a legal conclusion to which no response is required. To the extent any response is required, USW denies paragraph 57 of the Complaint.

58. The headings and sub-headings throughout the Complaint do not constitute actionable legal or factual allegations. Therefore, no response is required to the headings and sub-headings. To the extent that any response is required, USW denies all of the headings and sub-headings in the Complaint.

59. USW denies that Plaintiff is entitled to any of the relief sought in the Prayer for Relief of the Complaint.

**SECOND DEFENSE**

60. The Complaint is fatally uncertain, particularly regarding which provisions of the regulations are being challenged.

**THIRD DEFENSE**

61. Plaintiff failed to exhaust administrative remedies.

**FOURTH DEFENSE**

62. Plaintiff lacks standing, on its own behalf or in a representative capacity, to maintain this lawsuit.

**FIFTH DEFENSE**

63. Plaintiff's lawsuit is barred by the doctrines of laches, waiver, and/or estoppel.

**SIXTH DEFENSE**

64. Plaintiff has failed to state a claim on which relief can be granted.

**SEVENTH DEFENSE**

65. USW alleges that it has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as yet unstated defenses available, and reserves the right to assert such additional defenses in the event that further discovery, investigation, or analysis indicate they are proper.

WHEREFORE, USW prays for relief as follows:

1. That the Complaint be dismissed with prejudice;
2. That final judgment be entered against Plaintiff and in favor of USW;
3. That the Court decline to issue a declaratory judgment that the CalPSM regulations or the CalARP regulations, or any portion thereof, are invalid or unenforceable;
4. That the Court decline to issue a permanent injunction against enforcement of the CalPSM regulations or the CalARP regulations, or any portion thereof;
5. That the Court decline to issue any relief to Plaintiff whatsoever;
6. That USW be awarded its costs, disbursements, and attorney's fees incurred in this action; and

7. That USW be awarded such other relief as the Court deems just and proper.

DATED: September 26, 2019

Respectfully submitted,
**GILBERT & SACKMAN**
**A LAW CORPORATION**

By s/ Michael D. Weiner

*Attorneys for Proposed Intervenor*