UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN STATES PETROLEUM ASSOCIATION, a California not-for-profit corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE CALIFORNIA OCCUPATIONAL HEALTH AND SAFETY STANDARDS BOARD, together with its members, DAVID THOMAS, CHRIS LASZCZ-DAVIS, LAURA STOCK, BARBARA BURGEL, DAVID HARRISON, and NOLA J. KENNEDY, in their official capacities, and THE CALIFORNIA GOVERNOR'S OFFICE OF EMERGENCY SERVICES, together with its Director, MARK GHILARDUCCI, in his official capacity,<br><br>　　　　Defendants. | No. 2:19-cv-01270-JAM-DB<br><br>**ORDER GRANTING USW'S MOTION TO INTERVENE** |

On July 9, 2019, the Western States Petroleum Association ("Plaintiff") filed a complaint against the California Occupational Health and Safety Standards Board, several of its members, the California Governor's Office of Emergency Services, and its director ("Defendants"). Compl., ECF. No. 1. Plaintiff

1

seeks a court order declaring invalid and enjoining the enforcement of certain California state regulations it contends are preempted by the National Labor Relations Act ("NLRA"). See Compl. ¶¶ 26-44.

Shortly thereafter, the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC ("USW")—a union representing workers in the American petroleum industry—filed a motion to intervene.[1] Mot. to Intervene ("Mot."), ECF No. 11. Neither Plaintiff nor Defendants opposed USW's Motion. See Pls. Statement of Non-Opp'n to USW's Mot. to Intervene ("Pls. Non-Opp'n"), ECF No. 18; Defs.' Statement of Non-Opp'n to USW's Mot. to Intervene ("Defs.' Non-Opp'n").

For the reasons discussed below, the Court GRANTS USW's motion to intervene.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As part of a larger project to prevent accidental chemical releases at petroleum refineries in California, the State Legislature mandated that the California Occupational Health and Safety Standards Board adopt Process Safety Management ("PSM") standards applicable to those refineries. Compl. ¶ 23. The Board promulgated a PSM regulatory scheme known as the CalPSM Regulation ("CalPSM"), 8 Cal. Code Regs. § 5189.1. Compl. ¶ 24. The regulations are designed to protect refinery employees by

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 5, 2019.

preventing industrial hazards. Memo. in Support of Mot. to Intervene ("Memo."), ECF No. 12, at 1-2.

In tandem, the Governor's Office of Emergency Services, the office in charge of promulgating regulations under the state's Accidental Release Prevention program ("ARP"), promulgated a new regulatory scheme also applicable to refineries in California. Compl. ¶ 25. The new regulatory scheme is known as the CalARP Regulation ("CalARP"), 19 Cal. Code Regs. § 2735.1, et seq. Id. These regulations are designed to protect the public and the environment. Memo. at 1.

Both CalPSM and CalARP require "employee participation in all [PSM and ARP] elements." Memo. at 5. As such, an employee representative must be designated. Compl. ¶ 29. The regulations define the employee representative as "a union representative, where a union exists, or an employee-designated representative in the absence of a union that is on-site and qualified for the task." 8 Cal. Code Regs. § 5189.1(c); 19 Cal. Code Regs. § 2735.3(t). The employee representative selected has rights and responsibilities within the PSM and ARP processes. Compl. ¶¶ 31-35.

Plaintiff alleges the employee-participation provisions of CalPSM and CalARP directly regulate and interfere with labor-management relations and thus, are preempted by the National Labor Relations Act ("NLRA"). Compl. ¶¶ 38-44. Plaintiff also alleges that the regulations, in effect, deprive WSPA's members of their federal right, under the NLRA, to be free from government interference with the collective-bargaining process, in violation of 42 U.S.C. § 1983. Compl. ¶ 56.

USW seeks to intervene in order to ensure its members employed in these refineries remain involved in the CalPSM and CalARP processes. Memo. at 1.

## II. OPINION

### A. Intervention of Right

#### 1. Legal Standard

Under Federal Rule of Civil Procedure 24(a), a party seeking to intervene as of right must (1) timely move to intervene; (2) claim an interest relating to the property or transaction that is the subject of the action; (3) be so situated that disposing of the action may impair or impede the movant's ability to protect its interest; and (4) claim an interest not adequately represented by the existing parties. "Rule 24 traditionally receives liberal construction in favor of applicants for intervention." Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003).

#### 2. Analysis

##### a. Timeliness

USW filed its motion to intervene less than three months after Plaintiffs filed their complaint. Neither Plaintiff nor Defendants dispute the timeliness of USW's motion. See Pls. Non-Opp'n; Defs.' Non-Opp'n. The Court finds the motion to intervene was timely. See Citizens for Balanced Use v. Montana Wilderness Ass'n, 647 F.3d 893, 898 (9th Cir. 2011) (finding motion was timely where proposed intervenor filed application three months after plaintiff filed complaint).

///

b. <u>Proposed Intervenor's Interest</u>

USW has a significant, legally-protectable interest in the outcome of this suit. A proposed intervenor must claim an interest that is "protectable under some law" and bears a "relationship . . . [to] the claims at issue." <u>Arakaki</u>, 324 F.3d at 1084. The law under which a proposed intervenor claims an interest need not "give [the] proposed intervenor any enforceable rights [or] seek to protect any of their existing legal rights." <u>California ex rel. Lockyer v. United States</u>, 450 F.3d 436, 441 (9th Cir. 2006). The Ninth Circuit's "intervention caselaw has not turned on such technical distinctions." <u>Id.</u> But the claimed interest may not be an "undifferentiated" or "generalized" interest in the outcome of a suit. <u>Id.</u> It must be "direct, non-contingent, [and] substantial." <u>Id.</u> Furthermore, "[t]he relationship requirement is met if the resolution of the plaintiff's claims actually will affect the applicant." <u>Id.</u> at 398 (internal quotations omitted).

USW has a direct, non-contingent interest in the suit. Labor organizations have a legally-protected interest in the outcome of a suit when employers challenge the validity of laws and regulations establishing minimum labor standards that protect union members. <u>Allied Concrete & Supply Co. v. Baker</u>, 904 F.3d 1053, 1068 (9th Cir. 2018) (union entitled to intervene to defend state prevailing wage law against preemption challenge). USW represents approximately 3,000 workers employed by refinery operators in California. Nibarger Decl., ECF No. 11-1. It contends that a successful challenge to the CalPSM and

CalARP provisions requiring employee participation would weaken its members' involvement in the development and implementation of refinery safety practices. Memo. at 10-11. Thus, USW satisfies both the "interest" and the "relationship" requirement for this element.

### c. Impairment of Interests

The disposition in this action may impair USW's ability to protect its interests. The Ninth Circuit "follow[s] the guidance of Rule 24 advisory committee notes that state 'if an absentee would be substantially affected in a practical sense by the determination made in an action, he should as a general rule, be entitled to intervene.'" California ex rel. Lockyer, 450 F.3d at 442 (quoting Berg, 268 F.3d at 822).

Plaintiff seeks an order invalidating and prohibiting the enforcement of the CalPSM and CalARP regulations. Compl. at 14-15. If Plaintiff prevails, USW and its members would be denied the protections afforded by those regulations. USW has an interest in the rights these regulations confer upon its members. Thus, the Court finds that invalidating them would impair or impede USW's interest if it cannot intervene. See Allied Concrete, 904 F.3d at 1068.

### d. Adequacy of Representation

Ordinarily, "[t]he burden on proposed intervenors [to show] inadequate representation is minimal, and [will] be satisfied if they [can] demonstrate that representation of their interests 'may be' inadequate." Arakaki, 324 F.3d at 1086. But a presumption of adequate representation arises in two circumstances: (1) when the proposed intervenor shares the same

6

"ultimate objective" as one of the parties, and (2) when the proposed intervenor is one of the parties' constituents. Id. A proposed intervenor can only overcome a presumption of adequacy if it makes a "compelling showing" that the existing parties will inadequately represent its interests. Id.

The Court finds that the presumption of adequacy does not apply here. USW and Defendants do share the same ultimate objective of seeing that the CalPSM and Cal ARP regulations are upheld. However, when a constituent's interests are "potentially more narrow and parochial than the interests of the public at large," the constituency presumption does not apply. See California for Safe & Competitive Dump Truck Transp. V. Mendonca, 152 F.3d 1184, 1190 (9th Cir. 1998). And the Ninth Circuit has held that the interests of labor intervenors in protecting their members are narrower and more parochial than California State officials' broad and more abstract interest in defending the laws of the State. Id. Consequently, USW's interests, as a labor intervenor, are too parochial to trigger the constituency presumption.

Absent a presumption of inadequacy, "[t]he burden on proposed intervenors [to show] inadequate representation is minimal." Arakaki, 324 F.3d at 1086. The Court finds that USW satisfied this minimal burden. As USW alleges in its Memorandum, Defendants must consider the interests of the public at large in crafting and subsequently defending these regulations. Memo. at 12-13. As a result, they ultimately may not adequately represent USW's more specific interests in defending its members' degree of involvement in the development

and implementation of refinery safety practices. Thus, USW is entitled to intervene.

B. <u>Scope of Intervention</u>

The Court has the discretion to place conditions on intervention of right to prevent prejudice to the existing parties. Pac. Coast Fed'n of Fishermen's Ass'ns v. Gutierrez, No. 1:06-CV-00245 OWW GSA, 2008 WL 4104257, *7 (E.D. Cal. Sept. 2, 2008). Accordingly, USW's Participation is subject to the following conditions:

1. USW shall make every effort to focus on issues not addressed by Defendants. At such time when the parties submit a proposed case management plan, USW can propose a briefing schedule under which Defendants' merits briefs will be filed before USW's briefs. This will reduce duplication. Page limits for the briefs will not be split between the parties.

2. Each party will bear its own costs and fees related to the participation of USW in this matter.

## III. ORDER

For the reasons set forth above, the Court GRANTS USW's Motion to Intervene. Accordingly, USW's Answer filed at ECF No. 11-3 is deemed operative.

IT IS SO ORDERED.

Dated: November 25, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

8